United States Courts
Southern District of Texas
F I L E D
JUN 0 4 2020
David J. Bradley, Clerk of Court

Re: Brian Stephen Cadmus
Debtor

Civil Action No. 4:20-cv-1320

Brian Stephen Cadmus
Appellant

Bankruptcy Case No. 20-31580

Brief of Appellant
Request to Re-open Bankruptcy Case

**Summary:** We are asking that the case be reopened for consideration because without the Coronavirus closures the appellant would have returned in person to the Bankruptcy court in Houston and filed the two additional items requested, or if he had been provided access, would have submitted the documents electronically, and would not have missed the deadline for submitting the documents requested.

**Debtor:** The debtor is a 24-year old male who is intelligent yet has been disabled with mental illness his entire life. He transitioned from a disabled youth under Social Security to a disabled adult. Unlike his 21-year old brother, he is unable to live independently and so has remained living with his 61-year old mother, who is helping him with this filing. With his monthly social security checks, that have ranged from approximately $580 - $900/month, he contributes to household expenses and pays for all his other expenses. He requires daily medication to maintain an acceptable range of clarity, to prevent manic swings between delusions of grandeur and depression. On this medication, he is growing into a kind member of society who has learned to navigate a limited social world. While he is unable to lie, he is not always grounded in reality.

As would be expected and encouraged, the debtor craved more financial independence. He hoped he could become independent by selling used cars. He followed the rules set forth to become a used car dealer and was given credit by the entities listed in this bankruptcy filing. His intelligent thoughtful side had established a solid credit score despite the limited financial means of his monthly Social Security checks.

He apparently ran into trouble because he acquired too many vehicles in rapid succession, despite counsel from his younger brother not to buy more than 1 or 2 at a time. Then when the debtor became predictably stressed, he impulsively sold the vehicles below the original price paid at auction.

When the debt became insurmountable, the debtor became suicidal and eventually asked for assistance from his family. He does not have the means to pay for a bankruptcy attorney, so he and his mother completed the documents listed on the Bankruptcy Forms page on the UScourts.gov site and paid for the filing in person at the Bankruptcy Court in downtown Houston on March 3rd.

Re: Brian Stephen Cadmus                             Civil Action No. 4:20-cv-1320
    Debtor

Brian Stephen Cadmus                                 Bankruptcy Case No. 20-31580
    Appellant

**Coronavirus Closures Caused Delays**
Thirteen days later, on March 16th, we received notification dated March 11th, via general mail, that a limited number of details needed clarification along with a request for the creditor list to be put into a mailing matrix, which was not specified on the Forms list. The Coronavirus pandemic was a growing concern and his mother was leery of returning in person to the Bankruptcy Court and having to pass through the close contact space of the security screening. She called the local Bankruptcy Court office and expressed these concerns and was told that she could instead mail the additional items. She would have submitted these documents electronically and immediately but was not provided with this option. Based on the audio clarity of the connection, it sounded as though the person answering the phone was working remotely, which employees were allowed in **Bankruptcy General Order 2020-4.** Unfortunately, due to the mailing time delay, the documents were not logged into the system until March 23rd and the debtor's bankruptcy case was automatically dismissed.

We are asking that the case be reopened for consideration because without the Coronavirus concerns we would have returned in person to the court and filed the documents or, if we had been able, as we are doing with this letter, we would have submitted the documents electronically, and would not have missed the deadline.

His mother's hope is that the bankruptcy will block the debtor from easy access to credit for the near future and give time for further maturity of his executive functioning and decision making.

Thank you for your thoughtful consideration of this request.

**Timeline:**

- This bankruptcy was filed and paid for on March 3, 2020. At that same time, the sole debtor submitted the forms listed on https://www.uscourts.gov/forms/bankruptcy-forms, which appeared to pertain to his case, including the list of creditors names and addresses (Form B-104). Form 106H was not included because there are no co-debtors.

    o These forms and the full payment were delivered in person to the court because at that point individuals were not provided with the means to submit documents or payments electronically. Attorneys are provided with the means to submit documents and payments electronically, which creates an electronic barrier between the debtor and the court unless they have the financial means to hire an attorney.

Re: Brian Stephen Cadmus        Civil Action No. 4:20-cv-1320
    Debtor

Brian Stephen Cadmus        Bankruptcy Case No. 20-31580
    Appellant

Coronavirus Closures:
**Bankruptcy General Order 2020-4** was entered 6 days later on March 9, 2020 acknowledging the growing concerns about the Coronavirus and potential impact on the court. Concern for minimizing in-person activities was addressed since it could "enhance the spread of a contagious disease."

- Two days later, **on March 11, 2020**, the Bankruptcy Court produced the letter (Possible Future Dismissal of Case) which was sent through the general mail since the debtor was not given access to electronic communications. **This letter was received by the debtor through general mail on March 16, 2020.**
    - This letter requested that the submitted list of creditors be put into a mailing matrix. As stated above the list of creditors was included with the original documents so it wasn't that the document was not provided. A review of the list of bankruptcy forms required did not specify that the creditors list be put into a mailing matrix format.
    - The letter also requested a list of co-debtors and any payment advances within the last 60 days. There were no co-debtors or payment advances.
    - By this point unprecedented concerns for in-person spread of Coronavirus were present in Houston, with the first identification of a community spread case of Coronavirus followed by the Rodeo closure on March 11th. Restaurants and bars were closed on March 17th followed by the Stay at Home order on March 24th.
    - The debtor and his mother were concerned about going in person to the Bankruptcy Office, so they called and stated their concerns about potential close contact exposure and asked if there was another way to submit the items. They were told by the employee, who by the audio clarity of the call appeared to be working remotely, that the documents could be mailed instead.
    - The documents were completed and mailed to the Bankruptcy Court. These documents were entered into the file on March 23rd and the case was dismissed because the 14-day rule was missed. If the Coronavirus pandemic had not occurred then we would have gone in person and not missed the deadline. If we had been provided with electronic access to submit these documents we would not have missed the deadline.

    We ask for the case to be re-opened and further request that the Court consider giving individual filers access to submit items electronically in the future to remove this barrier.

    Date: June 3, 2020                            Wendy V. Cadmus
                                                                 For Brian Cadmus